UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERON HUNTER,

        Plaintiff,          CASE NO. 2:20-cv-10534

v.          HON. NANCY G. EDMUNDS

WASHTENAW COUNTY SHERIFF JAIL,
THE MEDICAL DEPARTMENT OF THE
WASHTENAW COUNTY JAIL,
KATHLEEN HOLMES, DARYL T. PARKER,
UNKNOWN NURSES OF THE MEDICAL
DEPARTMENT OF THE WASHTENAW COUNTY JAIL,
LIEUTENANT WILLIAMS, CAPTAIN CASEY,
LIEUTENANT SCHIAPPACASSE, OTHER UNKNOWN
INDIVIDUALS, SHERIFF CLAYTON, and
SERGEANT ALVEREZ,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING THE WASHTENAW COUNTYJAIL AND THE WASHTENAW COUNTY JAIL'S MEDICAL DEPARTMENT, DIRECTING SERVICE OF THE COMPLAINT ON THE REMAINING NAMED DEFENDANTS, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINMENT OF COUNSEL**

## I. Introduction

This matter has come before the Court on plaintiff Theron Hunter's motion for appointment of counsel and *pro se* complaint for money damages and injunctive relief under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Bellamy Creek Correctional Facility in Ionia, Michigan. The defendants are the "Washtenaw County Sheriff Jail," the Medical Department of the Washtenaw County Jail, and

several individuals who work at the Jail or for Washtenaw County or who provide medical services to inmates at the jail.

Plaintiff makes the following allegations.  On March 22, 2018, he fell and injured his arm and elbow while playing with a basketball at the Washtenaw County Jail.  By March 24, 2018, his arm was locked at a ninety-degree angle, but he was informed that an X-ray of the arm was normal.  Eventually, he received some physical therapy, pain medication, and ice packs, but he continued to experience pain, and many of his requests for medical attention and help were denied, ignored, or inadequately addressed.  On August 15, 2018, he was released to the Van Buren Police Department, and on August 16, 2018, he posted bond.  Between September 5, 2018 and November 2, 2018, he visited doctors and a physical therapist and had additional tests performed.  A specialist informed him that his condition would not change unless physical therapy or surgery could fix the problem.  As of February 23, 2020, his arm was in almost the same condition as it was in 2018.

Plaintiff now claims that the defendants' denial or delay in providing him with adequate medical care for his injury violated his rights under the Eighth Amendment to the United States Constitution.  He invokes the Court's pendent jurisdiction for a determination of his state tort claims of gross negligence and medical malpractice.

## II. Legal Framework

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. *See* ECF No. 5. Federal district courts are required to screen an indigent prisoner's complaint and dismiss the complaint or any portion of the complaint that is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008).

To prevail on a claim under § 1983, the plaintiff must prove "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (end citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[T]he dismissal standard articulated in *Iqbal* and *Trombly* governs dismissals for failure to state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] . . . ." *Hill v. Lappin* , 630 F.3d 468, 470-71 (6th Cir. 2010). "Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Id*. at 471. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal,* 129 S.Ct. at 1949–50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827.

*Hill*, 630 F.3d at 471.

4

### III. Discussion

Plaintiff has failed to state a plausible claim for relief against the Washtenaw County Jail because jails are not legal entities susceptible to suit under § 1983. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Plaintiff's claims against the Jail's Medical Department also fail because, "[f]or purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.' " *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978), and *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)).

"A prison's medical department is not an entity with a corporate or political existence . . . ." *Id.* at 356. The same principle applies to county jails. *See Gates v. Hopkins Cty. Jail Med. Staff*, No. 4:18-CV-P188-JHM, 2019 WL 1173377, at *2 (W.D. Ky. Mar. 13, 2019) (unpublished decision stating that, because the medical department of a jail is not a "person" within the meaning of § 1983, the plaintiff could not state a claim against the county jail's medical staff); *Hay v. Cuyahoga Cty. Jail Med. Dep't*, No. 1:11 CV 2652, 2012 WL 262582, at *2 (N.D. Ohio Jan. 27, 2012) (unpublished decision stating that "[j]ails and jail medical departments are not 'persons' within the meaning of § 1983"); *Sullivan v. Hamilton Cty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n. 1 (E.D. Tenn. June 5, 2006) (unpublished decision stating that "staff and jail staff are subdivisions of the sheriff's department

and are not legal entities that are subject to being sued"). Therefore, the Washtenaw County Jail's Medical Department is not a "person" under § 1983, and Plaintiff's claims against the Medical Department fail as a matter of law. *See Hix*, 196 F. App'x at 356.

### IV. The Motion for Appointment of Counsel

In his pending motion for appointment of counsel, Plaintiff alleges that he cannot afford to retain counsel, the issues in his case are complex, he has limited access to the prison law library, and he has limited knowledge of the law. He also contends that the ends of justice would be served if the Court appointed an attorney to represent him.

Plaintiff "has no constitutional right to appointed counsel in a civil case." *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel in a civil case

> "is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982)." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir.1987); *see also Poindexter v. FBI,* 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham,* 787 F.2d 1, 3 (1st Cir. 1986).

*Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

6

The facts and issues in this case are not complex, and exceptional circumstances warranting appointment of counsel do not exist at this stage of the case because Plaintiff has demonstrated an ability to represent himself. Accordingly, the Court denies without prejudice Plaintiff's motion for appointment of counsel (ECF No. 3).

### V. Conclusion and Order

The Wayne County Jail and its Medical Department are summarily dismissed from this lawsuit under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has failed to state a plausible claim for relief against those defendants. Plaintiff arguably has stated a claim against the named individual defendants, because deliberate indifference to a prisoner's serious injury states a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison officials in denying or delaying access to medical care. *Id*. at 104-105.

Accordingly, the Court orders the United States Marshal to serve the appropriate papers on defendants Kathleen Holmes, Dr. Daryl T. Parker, Lieutenant Williams, Captain Casey, Lieutenant Schiappacasse, Sheriff Clayton, and Sergeant Alverez at the Washtenaw County Jail, 2201 Hogback Road, Ann Arbor, Michigan 48105. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

The Court orders Plaintiff to serve a copy of all future documents on the individual defendants or on defense counsel if legal counsel represents the defendants. In addition, Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that he mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any papers that have not been filed with the Clerk of Court or that fail to include a certificate of service.

                                                s/ Nancy G. Edmunds
                                                NANCY G. EDMUNDS
                                                UNITED STATES DISTRICT JUDGE

Dated: April 15, 2020