UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER<br>    Plaintiff,<br>v.<br><br>KATHLEEN HOLMES, *et al.*,<br>    Defendants.<br>_____/ | Case No. 20-10534<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE AN AMENDED COMPLAINT AS A MATTER OF COURSE (ECF NO. 34)**

Plaintiff Theron Hunter initiated this prisoner civil rights action on February 28, 2020, without the assistance of counsel. (ECF No. 1). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF No. 10).

On April 15, 2021, Defendants Kathleen Holmes and Daryl T. Parker filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28). On April 27, 2021, Plaintiff filed a letter with the Court, which was docketed on May 12, 2021, in which he sought concurrence from the defendants for an extension of time to file an amended complaint as of right on or before June 21, 2021. (ECF No. 30, PageID.232). Counsel for defendants Sergeant Alverez, Captain Casey, Sheriff Clayton, Lieutenant Schiappacasse and Lieutenant William filed a response concurring with the relief

requested in Plaintiff's April 27 letter on May 12, 2021.  (ECF No. 31).  The Court construed the letter request as a motion for extension of time to file an amended complaint as of right and directed Defendants Holmes and Parker to file a response to Plaintiff's April 27 letter request on or before May 28, 2021.  (ECF No. 32).

On May 12, 2021, Plaintiff filed a motion for extension of time under Federal Rule of Civil Procedure 6(b)(1)(A) to amend his complaint as of right per Federal Rule of Civil Procedure 15(a)(1)(B) as he has faced a number of difficulties resulting from the COVID-19 pandemic, including mental health issues and lack of access to resources.  (ECF No. 34, PageID.258, 274).  The motion was docketed on May 24, 2021.  (ECF No. 34).  On June 3, 2021, Defendants Holmes and Parker filed a response opposing Plaintiff's motion contending (i) he lacks good cause to seek an extension, (ii) he is bringing the request in bad faith, and (iii) amending his complaint would be futile[1].  (ECF No. 36).

Federal Rule of Civil Procedure 6(b)(1) permits the court, where there is good cause, to extend the time to act if a request is made before the original time or its extension expires.  Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to amend its pleading once as a matter of course, if the pleading is one to which a

---

[1] At this juncture, Plaintiff's April 27 letter request and May 12 motion are solely seeking an enlargement of time to file an amended complaint as a matter of course and thus the Court will not address Defendants Holmes' and Parker's arguments regarding the potential futility of such an amendment.  (ECF No. 36, PageID.295, 300-302).

responsive pleading is required, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Once the timeframe outlined in Federal Rule of Civil Procedure 15(a)(1)(B) has expired, Plaintiff must seek relief under Federal Rule of Civil Procedure 15(a)(2) which states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires."

A party may respond to a motion to dismiss by filing an amended complaint. *Rizvi v. Urstadt Biddle Properties Inc.*, 2018 WL 460975, at *4 (D. Conn. Jan. 17, 2018). While Federal Rule of Civil Procedure 15(a)(1)(B) requires that an amended complaint be filed within 21 days of the filing of a motion under Rule 12(b), (e), or (f), "the Court is permitted to grant extensions of time" for such an amended complaint to be filed. *Id.*; *see also* Fed. R. Civ. P. 6(b) (permitting, for "good cause," extensions of time "when an act may or must be done within a specific time" and request is made before original deadline expires); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1480 (3d ed. 2017) ("However, if the time for serving the responsive pleading is extended by a motion for enlargement of time under Rule 6(b), or by a stipulation, the period for amending as of right also may be enlarged.").

Plaintiff's April 27, 2021 letter request for an extension of time was filed

3

within the 21-day timeframe allotted parties to amend their pleadings under Federal Rule of Civil Procedure 15(a)(1)(B). (ECF No. 30). Within the letter request, Plaintiff outlined a multitude of issues which prevented him from filing his amended complaint within the 21-day timeframe (i.e., health issues, lack of access to the law library, and lack of writing materials). (ECF No. 30). The Court construed Plaintiff's letter request as a motion for extension of time. (ECF No. 32). On May 12, 2021, Plaintiff filed a motion seeking an extension of time which was substantively similar to his April 27th letter request. (ECF No. 34).

      The undersigned finds Plaintiff's letter request was filed within the 21-day timeframe and thus the Court has the authority under Federal Rule of Civil Procedure 6(b) to extend Plaintiff's deadline to file an amended complaint as a matter of course. Further, Plaintiff's April 27 letter request demonstrates "good cause" exists to grant Plaintiff the relief he has requested. As required by the Federal Rules of Civil Procedure and in the interest of justice, the Court **GRANTS** Plaintiff's motion seeking an extension of time to file an amended complaint as a matter of course per Federal Rule of Civil Procedure 15(a)(1)(B). In his motion, Plaintiff requested an extension of time to June 21, 2021 to file his amended complaint. (ECF No. 34, PageID.279). However, the Court is aware that due to the COVID-19 pandemic there have been a number of delays involving the receipt of the Court's orders by non-ECF parties. Therefore, Plaintiff will have until **June**

**30, 2021** to file his amended complaint.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 11, 2021
            s/Curtis Ivy, Jr.
            Curtis Ivy, Jr.
            United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2021, by electronic means and/or ordinary mail.

            s/Kristen MacKay
            Case Manager
            (810) 341-7850