UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER,<br>    Plaintiff, | Case No.: 20-10534 |
| v. | Nancy G. Edmunds<br>United States District Judge |
| WASHTENAW COUNTY<br>SHERIFF JAIL, *et al.*,<br>    Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON DEFENDANTS HOLMES AND PARKER'S MOTION TO DISMISS (ECF No. 28) AND SCREENING OF FIRST AMENDED COMPLAINT (ECF No. 42)**

**I.   BACKGROUND**

Plaintiff Theron Hunter filed this civil rights action against the Washtenaw County Jail, the Washtenaw County Jail's Medical Department, and various other medical and corrections personnel employed at the Washtenaw County Jail on February 28, 2020.  (ECF No. 1).  After granting Hunter's application to proceed *in forma pauperis*, the Court summarily dismissed the Washtenaw County Jail and Washtenaw County Jail's Medical Department.  (ECF No. 7).

On April 15, 2021, defendants Kathleen Holmes and Daryl T. Parker filed a motion to dismiss.  (ECF No. 28).  Plaintiff subsequently filed a request and later a motion for enlargement of the time to file an amended complaint as a matter of

course. (ECF Nos. 30, 34). Pursuant to Fed. R. Civ. P. 15, an amended complaint may be filed as of right within 21 days of service of a motion to dismiss. The Court granted the motion allowing Plaintiff until June 30, 2021 to file an amended complaint as a matter of course. (ECF No. 37). Plaintiff timely filed his first amended complaint ("FAC") (ECF No. 42) and a response to the motion to dismiss (ECF No. 43). Holmes and Parker did not file a reply to their motion to dismiss or a pleading in response to the FAC. The remaining defendants who have been served and have appeared in this matter (Sgt. Alverez, Captain Casey, Sheriff Clayton, Lieutenant Schiappacasse, and Lieutenant William) filed an answer to the FAC. (ECF No. 45).

The matter is now ready for report and recommendation. For the reasons set forth below, the undesigned **RECOMMENDS** the Defendants Holmes and Parker's motion to dismiss be **DENIED AS MOOT** and defendants Washtenaw County Jail and Washtenaw County Jail's Medical Department be **DISMISSED**.

II. **DISCUSSION**

    A. <u>The Operative Complaint</u>

As mentioned, a plaintiff may amend the complaint "as a matter of course" within 21 days after serving it, or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In this case, Plaintiff filed the FAC within the

extended "as a matter of course" period. "It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Plaintiff's FAC supersedes the original complaint, thus making the motion to dismiss the original complaint moot. *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citation omitted). Consequently, the undersigned **RECOMMENDS** the motion to dismiss (ECF No. 28) be **DENIED AS MOOT**. The FAC is the operative complaint. The undersigned will now undertake a screening of the amended complaint.

    B.    <u>Screening of the FAC</u>

It does not appear Plaintiff materially altered the factual basis and claims in the FAC, other than providing additional factual allegations. A federal district court must screen a prisoner's pro se complaint and dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it is "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The dismissal standard of Federal Rule of Civil Procedure 12(b)(6) articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs failure to state a claim under § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by pro se parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

4

(6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

    1.  Factual Background

  At all times relevant to the FAC, Plaintiff was housed at the Washtenaw County Jail. On March 22, 2018, Plaintiff sustained an injury to his elbow following another inmate jumping on his back, and forcing him to fall directly to the concrete floor. (ECF No. 42, PageID.362, at ¶ 15-16). Plaintiff alleges the defendants delayed and denied medical care for the injury to his elbow. Throughout his amended complaint, he describes kites[1] provided to healthcare professionals complaining about his elbow issues and the lack of adequate medical care. Often those kites were ignored. Despite his right arm becoming fixed in a ninety-degree position and visibly swollen, Plaintiff did not see a physician, defendant Dr. Daryl Parker, until March 27, 2018. (*Id.* at PageID.366, at ¶ 27).

---

[1] Kites are known as internal requests within the jail system.

Dr. Parker prescribed Naproxen and ordered an X-ray. On April 11 or 12, 2018, Plaintiff treated with Dr. Parker again. Dr. Parker told Plaintiff the X-ray was "normal" and advised Plaintiff to stretch his arm. (*Id.* at PageID.368, at ¶¶ 33, 34). According to Plaintiff, however, the X-ray showed loose bone fragments in his elbow which he did not learn until after he was released from the jail. Thereafter, Plaintiff was treated by a physical therapist at the University of Michigan for a total of four appointments.

The complaint continues with a detailed recital of his kites and related responses, and of interactions between Plaintiff and the defendants. In general, he claims the defendants lied about his condition and his scheduled appointments, disregarded his complaints of pain and swelling, and refused to treat his elbow. He was released from the Washtenaw County Jail in August 2018, and then promptly treated with a specialist and a physical therapist. During October 2018, after he underwent an MRI, Plaintiff learned his elbow issues were permanent and physical therapy would no longer help. His physician believed there would be no improvement due to the lack of proper medical care provided Plaintiff at the jail. (*Id.* at PageID.414, at ¶ 122).

    2.  Analysis

Because Plaintiff's FAC does not materially alter the facts alleged in the original complaint, but adds factual allegations (including against Dr. Parker and

nurse Holmes), the screening completed on the original complaint (found in the District Court's opinion at ECF No. 7) largely applies here.

In the FAC, Plaintiff again named as defendants the Washtenaw County Jail and Washtenaw County Jail's Medical Department. The Court previously explained why Plaintiff failed to state a viable claim to relief against those defendants:

> Plaintiff has failed to state a plausible claim for relief against the Washtenaw County Jail because jails are not legal entities susceptible to suit under § 1983. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Plaintiff's claims against the Jail's Medical Department also fail because, "[f]or purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978), and *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)).
> "A prison's medical department is not an entity with a corporate or political existence . . . ." *Id.* at 356. The same principle applies to county jails. *See Gates v. Hopkins Cty. Jail Med. Staff*, No. 4:18-CV-P188-JHM, 2019 WL 1173377, at *2 (W.D. Ky. Mar. 13, 2019) (unpublished decision stating that, because the medical department of a jail is not a "person" within the meaning of § 1983, the plaintiff could not state a claim against the county jail's medical staff); *Hay v. Cuyahoga Cty. Jail Med. Dep't*, No. 1:11 CV 2652, 2012 WL 262582, at *2 (N.D. Ohio Jan. 27, 2012) (unpublished decision stating that "[j]ails and jail medical departments are not 'persons' within the meaning of § 1983"); *Sullivan v. Hamilton Cty. Jail Staff*, No. 1:05-CV-320, 2006 WL 1582418, at *3 n. 1 (E.D. Tenn. June 5, 2006) (unpublished decision stating that "staff and jail staff are subdivisions of the sheriff's department and are not legal

7

> entities that are subject to being sued"). Therefore, the Washtenaw County Jail's Medical Department is not a "person" under § 1983, and Plaintiff's claims against the Medical Department fail as a matter of law. *See Hix*, 196 F. App'x at 356.

(ECF No. 7, PageID.120-21). The undersigned recommends these defendants again be dismissed from this case.

In the FAC, however, Plaintiff identifies a new entity he refers to as "Corizon Doe private corporation" in addition to the Washtenaw County Jail Medical Department. He alleges the Corizon entity operates the medical department at the jail. (ECF No. 42, PageID.358, at ¶ 1) ("I am suing Corizon private corporation"). He made claims regarding a policy or custom of Corizon to deny or delay medical care. This defendant should be added to the case caption.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** defendants Parker and Holmes' Motion to Dismiss (ECF No. 28) be **DENIED AS MOOT**, and that the Washtenaw County Jail and Washtenaw County Jail's Medical Department be **DISMISSED**. If the Court adopts this report and recommendation, the undersigned suggests defendants Parker and Holmes be directed to file a response to the first amended complaint within 21 days of the order. Further, should the Court adopt this report and recommendation, Corizon should be added to the case caption.

8

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

   Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  October 19, 2021                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2021, by electronic means and/or ordinary mail.

                                           s/Kristen MacKay
                                           Case Manager
                                           (810) 341-7850

10