UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERON HUNTER,                     Case No.: 20-10534
              Plaintiff,

                               Nancy G. Edmunds
v.                           United States District Judge

KATHLEEN HOLMES, *et al.*,       Curtis Ivy, Jr.
              Defendants.        United States Magistrate Judge

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 52)

On February 11, 2022, Plaintiff moved for appointment of counsel. On October 19, 2021, the undersigned Recommended that Defendants Parker and Holmes' Motion to Dismiss be denied as moot because Plaintiff filed an amended complaint and that the Washtenaw County Jail and Washtenaw County Jail's Medical Department be dismissed as defendants. (ECF No. 47). The Honorable Nancy G. Edmunds issued an Order Accepting and Adopting that Recommendation over Plaintiff's objections. (ECF No. 50). Plaintiff argues the court should appoint counsel because his chance of success on the merits is high, his previous attempts to obtain counsel failed, and based on the complexity of his case. (ECF No. 52).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against multiple defendants, but do not appear overly complex. Moreover, his briefs and other filings with the court show that he has an adequate understanding of the issues and matters involved here, and has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel.

2

*Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").  Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 52) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: February 28, 2022               s/Curtis Ivy, Jr.
                                      Curtis Ivy, Jr.
                                      United States Magistrate Judge

3

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850