UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER,<br>               Plaintiff,<br>v.<br><br>KATHLEEN HOLMES, *et al.*,<br>               Defendants.<br>_____/ | Case No.: 20-10534<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON MOTIONS (ECF Nos. 66, 73, 77, 80, 95)

This case is before the Court on five motions filed by the Plaintiff.

A.    <u>Motion to Compel and Motion to Strike (ECF No. 66, 73)</u>

Plaintiff moved to compel Defendant Holmes to respond to discovery requests for the full names and addresses of defendants Nurse Dana Doe and Rocky Doe Iseley. He sent the requests via subpoenas and a "formal request." (ECF No. 66, PageID.1168). Plaintiff asserted that Holmes objected to the subpoenas as identical to the formal requests and that she failed to respond to the subpoenas. Holmes argues that Plaintiff's Fed. R. Civ. P. 45 subpoenas served on her for names and addresses is not a proper means of obtaining discovery from a party and that the requests were identical to the first three requests for production of documents, and thus she was not required to respond to the subpoenas. (ECF No. 76, PageID.1278-79). Holmes states that she responded to the requests to produce with all documents in her custody and control. She also stated she was no

longer employed by former defendant Wellpath, so she did not have addresses for Nurse Dana and Rocky Iseley. (*Id.* at PageID.1279). Rather, she directed Plaintiff to his medical records which would contain the names of the nurses and medical providers who treated him at the Washtenaw County Jail. She also provided Plaintiff with the full names of the only nurses with the first name of Dana and Rocky identified in his medical records. (*Id.* at PageID.1279-80).

On July 8, 2022, Plaintiff moved to strike the objections to the subpoenas pursuant to Fed. R. Civ. P. 12(f).[1] (ECF No. 73). He states that Holmes and Parker objected to the subpoenas, but also provided the full names of the defendants: Dana Gorka and Rocky Isley, but did not provide their addresses.[2] (*Id.* at PageID.1259). Holmes argues that since the subpoenas were an improper means of seeking discovery from a party, there is no basis to strike the objections. (ECF No. 91).

Plaintiff's motion to compel (ECF No. 66) is **DENIED**. As Holmes explained she no longer works for Wellpath and does not have custody or control of documents that would have the defendants' addresses. A party cannot produce documents that are not within its possession, custody, or control. *See* Fed. R. Civ.

---

[1] Plaintiff also argued that Holmes' attorney, Mr. Bomber, is not a proper attorney of record because the Court did not order the attorney be substituted. On the contrary, the Court entered a notice that Bomber has been substituted as the attorney of record for Holmes. (*See* ECF No. 51).

[2] The subpoenas were directed at Holmes only.

P. 34(a)(1) and 37; *see also Siler v. Baldwin*, 2011 WL 836733, at *2 (E.D. Mich. Mar. 9, 2011) (finding the court cannot compel a party to produce documents not within their possession, custody, or control).

The motion to strike objections to the subpoenas is **DENIED**. Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a *nonparty* to, among other things, produce documents. Fed. R. Civ. P. 45(a)(1). A Rule 45 subpoena is an improper means of seeking discovery from a party, and thus one served on a party need not be answered.[3]

B.  Motion for Court-Appointed Independent Expert Witness (ECF No. 77)

On July 20, 2022, Plaintiff moved for appointment of an independent expert witness to establish the standard of care in this inadequate medical care case, and to show that there was a deviation from the standard. (ECF No. 77, PageID.1337-38). He asserts that he is indigent and cannot afford to hire a witness. (*Id.* at PageID.1328).

The motion is **DENIED** because Plaintiff is not entitled to a court-appointed expert. Federal Rule of Evidence 706(a) permits the appointment of an expert to aid the courts, but does not authorize the district court to provide a plaintiff with

---

[3] Moreover, Rule 12(f) does not allow the Court to strike objections to a subpoena. That rule allows the Court to strike material *from a pleading*. An objection to a subpoena is not among the pleadings listed in Fed. R. Civ. P. 7(a).

3

funds for an expert witness or to appoint such a witness on a plaintiff's behalf. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008) (affirming district court's refusal to appoint expert witness for *pro se* prisoner alleging inadequate medical care); *Valdes v. Evans*, 2019 WL 6580759, at *5 (W.D. Ky. Dec. 4, 2019).

C.  Motion to Alter Briefing Schedule (ECF No. 80)

On August 12, 2022, Plaintiff moved to alter the briefing schedule on any outstanding briefs because he would be temporarily transferred to a jail without access to his legal documents or mail. (ECF No. 80). He did not know how long he would be at the jail. He asked for a stay of proceedings until he notifies the Court of his return. (*Id.* at PageID.1398). On September 15, 2022, Plaintiff filed notice with the Court that he was returned to his original place of incarceration as of September 1, 2022. (ECF No. 89).

This motion is **TERMINATED AS MOOT**. Plaintiff's ability to litigate this matter has resumed. Thus, Plaintiff can move for extensions of time where needed. Indeed, he recently moved for an extension of time to file a response brief. (ECF No. 95). Therefore, the Court will not stay proceedings or enlarge briefing schedules in response to this motion.

D.  Motion for Extension of Response Deadline (ECF No. 95)

4

On October 27, 2022, Plaintiff moved for an extension of time until November 11, 2022, to respond to a motion to amend a witness list. (ECF No. 95). His response was due October 21, 2022. (ECF No. 87). In the same Order for a response, the Court ordered a response to a motion to compel (ECF No. 85). Plaintiff did not expressly address an extension to respond to the motion to compel, but the Court will construe his motion to extend as directed at both the motion to amend a witness list and the motion to compel.

Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard controls. Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend the time to act, after the time to act has expired, where there is good cause and the party failed to act because of excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). To determine whether the failure to file a response within the allotted time constitutes excusable neglect, the Court weighs these factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the

late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395). The court should "tak[e] account of all relevant circumstances surrounding the party's omission."

In support of this motion, Plaintiff points to the reasons given for an earlier request for an extension of an unrelated deadline in ECF No. 90. (ECF No. 95, PageID.1685). He argues that he did not start going to the law library until after his return to the prison from a brief stay at a different jail until September 23, 2022, two days before the Court ordered his response due on October 21, 2022. Since then, he says he has been preparing discovery requests and responses to discovery requests. He adds that the prison law library was closed from October 17 to October 21, 2022. (*Id.* at PageID.1685-86).

Given his brief transfer and the closing of the law library, the Court will **GRANT** the motion and extend Plaintiff's deadlines to **November 11, 2022**. There is no foreseeable prejudice to Defendants in granting this motion, the length of the delay is not unreasonable, and there is no suggestion that Plaintiff has acted in bad faith.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 1, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 1, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850