UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER | Case No.: 20-10534 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| WASHTENAW COUNTY SHERIFF JAIL, *et al* | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. | |

_____/

## ORDER ON DEFENDANTS' MOTIONS (ECF No. 79, 85, 92)

This matter is presently before the Court on three motions by Defendants, Williams, Casey, Schiappacase, Clayton, and Alvarez ("Washtenaw Defendants"). The Washtenaw Defendants have filed a motion for leave to file an amended witness list and motion to compel discovery (ECF No. 79; ECF No. 85). Defendants have also filed a motion to extend discovery and dispositive motion deadlines and for leave of court to depose Plaintiff. (ECF No. 92).

### I. BACKGROUND

The Court issued a Scheduling and Case Management Order on April 13, 2022, which required the parties to exchange witness lists by July 13, 2022. (ECF No. 63, PageID.1132-33). Washtenaw Defendants assert they served a witness list upon Plaintiff and Defendants Parker and Holmes on July 12, 2022, and filed the

1

same list with the Court on July 13, 2022, currently docketed as ECF No. 72. (ECF No. 79, PageID.1381; ECF No. 72). Only July 29, 2022, Washtenaw Defendants assert they discovered an incorrect version of the witness list was served and filed. (ECF No. 79, PageID.1381). On August 3, 2022, the Washtenaw Defendants filed a motion for leave to file an amended witness list, to which Defendants Parker and Holmes concur. (*Id.* at PageID.1379).

The Washtenaw Defendants argue that neither the other Defendants nor the Plaintiff will be prejudiced by the delay because discovery did not close until October 13, 2022, and they have received no discovery from the Plaintiff and no depositions have been taken. (*Id.* at PageID.1382).

As to the motion to compel discovery, the Washtenaw Defendants assert they timely served discovery requests upon Plaintiff on July 8, 2022, in the form of interrogatories, requests to produce documents, and requests to admit to which Plaintiff has not responded. (ECF No.85-1). Plaintiff has neither responded nor produced any documents. (ECF No. 85, PageID.1418).

On November 18, 2022, Plaintiff filed a response to Defendants' motion for leave to file a corrected witness list. (ECF No. 105). Plaintiff gives concurrence for the Washtenaw Defendants to file their amended witness list, but objects to witness numbers 22, 23, 24, 26, and 27 on the grounds they have no relevance to this litigation. (*Id.* at PageID.1791). Plaintiff explains that he will file motions in

2

limine regarding these objections, but that he wanted his objections noted to these particular amendments. (*Id.*).

The same day, Plaintiff filed a response to Defendants' motion to compel. (ECF No. 106). In this response, Plaintiff reiterates how a writ of habeas corpus and temporary address impeded his ability to respond. (ECF No. 90; ECF No. 93). Plaintiff asserts the Washtenaw Defendants "have attempted to circumvent the discovery rules by manipulating the Court so they could get a [sic] Order ordering the Plaintiff to produce information that is irrelevant to both the Plaintiff's claims and Defendant's defenses." (ECF No. 106, PageID.1798). Plaintiff says that some of the information sought is privileged information and asserts that he has responded to the Washtenaw Defendants' first set of interrogatories and requests for production. (*Id.*). For all these reasons, Plaintiff requests that the Court deny the Washtenaw Defendants' motion to compel discovery. (*Id.*).

II.     DISCUSSION

    a. Motion for Leave to Amend Witness List

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). A

court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order.  Fed. R. Civ. P. 16(f).

Plaintiff gives concurrence for the Washtenaw Defendants to file their amended witness list, but objects to a number of the witnesses and states he will file in limine regarding these objections.  (ECF No. 105, PageID.1791).  As to the substantive analysis, here there is no evidence Defendants were acting in bad faith.  Defendants filed for leave to amend their witness list just over three weeks after the deadline set for witness lists and within one week of learning of the mistake.  (ECF 79, PageID.1382).  Washtenaw Defendants, likewise, gave notice to the Plaintiff quickly and served the motion for leave to amend on Plaintiff via certified mail on August 3, 2022.  (ECF No. 79, PageID.1384).  The amended witness list is substantially similar to the one erroneously submitted before the deadline.  (ECF No. 72; ECF No. 79).  Given the prompt motion for leave to file an amended witness list, little prejudice to the Plaintiff exists from delay.

There is also little prejudice to the Plaintiff because the amended witness list is substantially similar to the one erroneously filed.  Plaintiff had time before the close of the discovery period to act on the information disclosed in the Washtenaw Defendants amended witness list which suggests that Plaintiff is not prejudiced by the amended witness list.  *Cotton v. Sassak*, No. CIVA 06-CV-15208-FL, 2008 WL 1882708, at *1 (E.D. Mich. Apr. 24, 2008), *objections overruled*, No. CIV.

06-15208, 2008 WL 2130383 (E.D. Mich. May 20, 2008) (finding no prejudice for an amended witness list submitted with nineteen days remaining in discovery); *Mitchell v. City of Warren*, No. 09-CV-11480, 2014 WL 1319703, at *3 (E.D. Mich. Apr. 1, 2014) (no prejudice when three months remained in discovery). The other Defendants are not prejudiced because they concur with the motion to amend. For the reasons stated, the Court finds that good cause exists for granting the Washtenaw Defendants' Motion for Leave to Amend their Witness List. The motion to amend is therefore **GRANTED**. (ECF No. 79).

   b. **Motion to Compel Discovery**

A party seeking discovery may move for an order compelling response if the respondent fails to answer interrogatories submitted under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). Plaintiff asserts the Washtenaw Defendants "have attempted to circumvent the discovery rules by manipulating the Court so they could get a Order ordering the Plaintiff to produce information that is irrelevant to both the Plaintiff's claims and Defendant's defenses." (ECF No. 106, PageID.1798). Plaintiff suggests that some of the information sought is privileged

information and asserts that he has responded to the Washtenaw Defendants' first set of interrogatories and requests for production. (*Id.*). In submitting their motion, Washtenaw Defendants certified pursuant to Rule 11 that they have performed a reasonable inquiry and that they did not receive Plaintiff's responses. Fed. R. Civ. P. 11. As the Washtenaw Defendants have certified that they have not received Plaintiff's responses, the Court shall **GRANT** the motion. (ECF No. 85). Plaintiff must answer these discovery requests or object to particular requests as privileged, with an accompanying privilege log under Fed. R. Civ. P. 26(b)(5) **within 30 days** of this Order.

   c. **Motion to Extend Discovery and Dispositive Motions Deadline**

On October 5, 2022, Defendants moved to extend discovery and the dispositive motions deadline in light of "Plaintiff's continued failure to respond to Washtenaw Defendants' discovery requests." (ECF No. 92, PageID.1644). Plaintiff gives concurrence for this extension of discovery. (ECF No. 117; PageID.1844). Defendants' motion to extend the discovery deadline to allow time for discovery to be produced (ECF No. 92) is **GRANTED**. Discovery is **EXTENDED** 60 days from this order to **February 6, 2023**. Defendants' Motion to Extend Dispositive Motion Deadline (ECF No. 92) is **GRANTED**. Dispositive motions must be filed on or before **March 8, 2023**.

   d. **Defendant's Motion for Leave to Depose Plaintiff**

6

In their October 5, 2022, motion, Defendants seek leave to depose Plaintiff where he is currently housed either in person, by telephone, or by video teleconference, pursuant to Fed. R. Civ. P. 30(a)(2)(B). (ECF No. 92). This complies with Federal Rule of Civil Procedure 30(a)(2), which requires leave of court to depose an incarcerated individual and which should be permitted when consistent with the principles outlined in Rule 26(b)(2). Given that Plaintiff objects on the grounds that equity requires he be able to depose defendants, the Court notes that Plaintiff may do so during discovery. (ECF No.117, PageID.1846). Having considered the request, it is **GRANTED**. (ECF No. 92). The Michigan Department of Corrections is ordered to produce Plaintiff for his deposition. The deposition must take place at a date and time agreed on by the parties and the correctional facility. The deposition may occur in person, by telephone, or by video teleconference.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 8, 2022.　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 8, 2022.

　　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　　(810) 341-7850