UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER, | Case No.: 20-10534 |
| Plaintiff, | |
| v. | Nancy G. Edmunds |
| | United States District Judge |
| KATHLEEN HOLMES, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER (ECF No. 96); GRANTING PLAINTIFF'S MOTIONS TO EXTEND (ECF Nos. 119; 122)**

Before the Court is Defendants' motion for a protective order and Plaintiff's December 7, 2022, and December 9, 2022, motions to extend the time to file a motion to compel as to Defendant Corizon[1] and Washtenaw Defendants.[2] (ECF Nos. 96; 119; 122).

I. *Washtenaw Defendants' Motion for a Protective Order (ECF No. 96)*

Washtenaw Defendants moved for a protective order because discovery was set to expire and this Court had not yet addressed their pending motion to extend discovery and dispositive motions deadlines. (ECF No. 96, PageID.1706) (citing ECF No. 92)). On December 8, 2022, the Court granted Washtenaw Defendants'

---

[1] Plaintiff states "Wellpath/Corizon" as "Wellpath absorbed both Corizon, and Correct Care Solutions through a merger and changed the company name to Wellpath." (ECF No. 122, PageID.1886).

[2] Defendants Williams, Casey, Schiappacase, Clayton, and Alvarez are collectively the Washtenaw Defendants. (ECF No. 96, PageID.1704).

motion to extend discovery setting the close of discovery for February 6, 2023, and the dispositive motions deadline for March 8, 2023. (ECF No. 120). As the Court granted the motion to extend discovery, the Defendants' motion for protective order asking for the same is **DENIED AS MOOT**. (ECF No. 96).

    II.    *Plaintiff's Motions for Extension of Time to File a Motion to Compel (ECF Nos. 119; 122)*

Plaintiff filed two motions to extend time to file a motion to compel, one on December 7, 2022, and one on December 9, 2022. (ECF Nos. 119; 122). The motions raise the same arguments, and the Court shall address them together.

This Court's case management order required for all motions to compel discovery to be filed within 14 days' notice of the dispute, absent a showing of good cause. (ECF No. 63, PageID.1134). Plaintiff states that he received the challenged discovery responses in late November, and thus filed this motion before the time to do so expired. As such, Fed. R. Civ. P. 6(b)(1)'s good cause standard applies.

In support of his motions, Plaintiff explains that the answers he has received from the Washtenaw Defendants and Defendant Corizon are "nothing but objections which obstruct the Plaintiff's ability to seek justice." (ECF No. 119, PageID.1859; ECF No. 122, PageID.1886). Plaintiff indicates he is confused by the rules of discovery. (*Id.*). He continues he "lost valuable time he needed to fulfill his objections and [has] been working diligently to get back caught up, and

continue[s] to be bombarded with frivolous motions" by the Defendants. (*Id.*). Plaintiff seeks a 30-day extension. (*Id.*).

Plaintiff has established good cause for an extension. The motions are **GRANTED**. (ECF No. 119; 122). Plaintiff must file any motions to compel against Washtenaw Defendants and Defendant Corizon on or before **February 4, 2023**.[3] No further extensions will be granted for response deadlines that have been extended absent extraordinary circumstances. Plaintiff must work diligently to meet the Court's deadlines. Defendants' reply, if any, will be due within 7 days of service of the response brief.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

---

[3] The Court notes these motions were filed on December 7, 2022, and December 9, 2022, respectively. (ECF Nos. 119; 122). In the interest of simplicity, the Court shall set one deadline rather than two. The deadline for both motions is February 4, 2023.

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: January 6, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 6, 2023, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850