UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER,<br>　　　　　　　　Plaintiff,<br>v.<br>KATHLEEN HOLMES, *et al.*,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 20-10534<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON MOTIONS (ECF Nos. 132; 133; 136; 142; 150; 153; 154; 155; 161; 163; 164; 167; 168; 169)

Before the Court are Plaintiff's two motions to compel, Plaintiff's motion for leave to file an amended witness list, Defendants' motion for protective order, Plaintiff's motion to determine the sufficiency of an answer, and nine motions for extension of time by Plaintiff.  (ECF Nos. 132; 133; 136; 142; 150; 153; 154; 155; 161; 163; 164; 167; 168; 169).  This case has been referred to the undersigned for all pretrial matters.  (ECF No. 10).

**I.   DISCUSSION**

　　　*a. Plaintiff's Motions to Compel Discovery*

Plaintiff filed one motion to compel on January 9, 2023, and one on January 11, 2023.  (ECF No. 132; 133).  The Court shall address each motion in turn.

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering

1

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiff's January 9, 2023, motion seeks to compel the Washtenaw County Sherriff Defendants[1] ("Washtenaw Defendants") to produce answers to Plaintiff's interrogatories, request for admissions, and to produce "for inspection and copying the documents requested on October 13, 2022." (ECF No. 132, PageID.1996). Plaintiff says that on October 13, 2022, he served the Washtenaw Defendants with interrogatories, requests for production of documents, and requests for admission.

---

[1] Defendants Williams, Casey, Schiappacase, Clayton, and Alvarez are collectively the Washtenaw Defendants.

(*Id.* at PageID.1997).  Plaintiff's arguments related to the Washtenaw Defendants' objections are that the objections about work-product privilege are waived because counsel did not provide a privilege log with the objections and that objections related to the close of discovery are moot because discovery was extended.  (*Id.* at PageID.1998).  Plaintiff also asserts that the arguments the discovery sought is irrelevant, burdensome, and privileged "have no merit[.]"  (*Id.*).  Plaintiff seeks to compel response pursuant to Federal Rules of Civil Procedure 33(b), 34(b), 36(a), and 37(a).  (*Id.*)

Plaintiff's first argument appears to misinterpret the Court's rulings—Plaintiff references the Washtenaw Defendants' previous motion for protective order which argued the Washtenaw Defendants should not have to respond to Plaintiff's discovery until 30 days after he served his responses to them.  (*Id.* at PageID.1997; ECF No. 96).  The Court denied this motion for protective order.  (ECF No. 131).  On October 27, 2022, the Washtenaw Defendants moved for a protective order because discovery was set to expire, and this Court had not yet addressed their pending motion to extend discovery and dispositive motions deadlines.  (ECF No. 96, PageID.1706) (citing ECF No. 92)).  The Court subsequently granted the Defendants' motion to extend discovery and denied as moot the October 27, 2022, motion for protective order.  (ECF Nos. 120; 131).

3

The Court extended discovery until February 6, 2023, and the dispositive motion deadline to March 8, 2023. (ECF No. 120).

Plaintiff argues that since discovery was extended, the Washtenaw Defendants have not responded to his discovery requests. (ECF No. 132, PageID.1998). Plaintiff states that he has provided the discovery the Washtenaw Defendants complained of not receiving. (*Id.*). As stated, the Court denied this motion for protective order as moot, and the undersigned fails to see how the content of a motion the Court denied is relevant here. (ECF Nos. 92; 96).

Plaintiff next argues the Washtenaw Defendants' objections that they received Plaintiff's discovery requests after the close of discovery are moot because discovery was extended. (ECF No. 132, PageID.2006). The Washtenaw Defendants objected to Plaintiff's interrogatories because the requests were mailed on October 13, 2022, the date discovery closed. (ECF No. 132-1, PageID.2101-09). In response, the Washtenaw Defendants state they have begun to supplement their discovery responses to Plaintiff's discovery requests after the Court denied their October 27, 2022, motion for protective order. (ECF No. 141, PageID.2419). They explain that when they responded on January 20, 2023, they had produced over 900 pages of documents and three of the five Washtenaw Defendants had served supplemental responses and the remaining two were expected to serve their supplemental responses soon after. (*Id.*). The remaining two Washtenaw

4

Defendants filed a supplement brief indicating that they did indeed file their responses on January 30, 2023. (ECF No. 149, PageID.2533). The Washtenaw Defendants argue the bulk of Plaintiff's motion is moot or is the subject of the Washtenaw Defendants' pending motion for protective order. (ECF No. 141, PageID.2422). When a party supplements its responses (after an alleged failure to substantive respond), the motion to compel is moot. *Hoffman v. Crites*, No. 21-10703, 2022 WL 1274956, at *1 (E.D. Mich. Apr. 28, 2022). Plaintiff did not file a reply brief to either confirm or deny that he received the supplemental responses. The Court will assume he received them. This motion to compel (ECF No. 132) is **DENIED AS MOOT.**

Plaintiff's second motion to compel was filed on January 11, 2023, against two of the Wellpath/Corizon[2] employee Defendants—Defendants Parker and Holmes. (ECF No. 133).

The Court notes that on February 17, 2023, Defendant Corizon Health, Inc. entered a suggestion of bankruptcy and notice of automatic stay. (ECF No. 159). Defendant Corizon Health, Inc. is the subject debtor of the suggestion of bankruptcy and automatic stay, but here some Defendants are individual employees of Corizon aside from Defendant Corizon Health, Inc. Should the

---

[2] According to Defendants "Wellpath Defendants are not Corizon employees and were not Corizon employees during the timeframe relevant to the Amended Complaint. Wellpath, L.L.C. is a completely different entity than Corizon Health, Inc., and the two entities do not share common ownership." (ECF No. 145, PageID.2493). Wellpath, L.L.C., is not a Defendant.

5

Defendants who are employees of Corizon wish to argue the case be stayed as to them, the Court will require briefing on this issue. If the Corizon employee Defendants do not submit briefing seeking the case be stayed as to them within **21 days** of this Order, the Court will move forward on the motion to compel against the Defendants who are Corizon employees. *See NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 939 (6th Cir.1986) ("The court in which the judicial proceeding is pending—in this case, the district court below—has jurisdiction to decide whether the proceeding is subject to the stay."); *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) (same); *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*.")[3] (citations omitted); *In re City of Detroit, Mich.*, 501 B.R. 702, 705 (Bankr. E.D. Mich. 2013) (Bankruptcy Court for the Eastern District of Michigan addressing the applicability of a stay to parties for a matter pending in the Eastern District of Michigan).

While this additional bankruptcy issue is briefed, the Court holds the motion to compel in **ABEYANCE**. (ECF No. 133).

> b. *Plaintiff's Motion for Leave to File an Amended Witness List*

---

[3] Should the Corizon employee Defendants pursue this matter before the Bankruptcy Court, the Defendants shall file written notice with the Court.

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). A court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f).

Amendment of a witness list is proper when there is little prejudice in allowing amendment, and the prompt amendment of a witness list is relevant to whether there is prejudice. *Cotton v. Sassak*, No. CIVA 06-CV-15208-FL, 2008 WL 1882708, at *1 (E.D. Mich. Apr. 24, 2008), *objections overruled*, No. CIV. 06-15208, 2008 WL 2130383 (E.D. Mich. May 20, 2008) (finding no prejudice for an amended witness list submitted with nineteen days remaining in discovery); *Mitchell v. City of Warren*, No. 09-CV-11480, 2014 WL 1319703, at *3 (E.D. Mich. Apr. 1, 2014) (no prejudice when three months remained in discovery).

On January 24, 2023, Plaintiff filed a motion for leave to file an amended witness list. (ECF No. 142). Plaintiff seeks to amend his witness list because he inadvertently left off the names of several witnesses. (*Id.* at PageID.2471). Plaintiff argues there will not be prejudice because one witness was named in the complaint and the other two witnesses are needed for foundational evidence and

rebuttal. (*Id.*). In support of these arguments, Plaintiff points to language from the Washtenaw Defendants' amended witness list which contains provisions that any person named in "any pleading, discovery material, affidavit, or other document or record associated with this matter" may be called as a witness as well as a portion that references calling witnesses as needed for foundation and rebuttal. (*Id.*). The Court notes that the presence of this language in Defendants' witness list is unrelated to whether Plaintiff's motion is proper or should be granted.

Plaintiff indicates he realized he left these witnesses out on July 15, 2022, but did not seek to amend because he "thought that mistake couldn't be forgiven." (*Id.* at PageID.2466; 2471). Plaintiff argues Defendants are "bombarding him with multiple motions" presumably arguing that he has acted with due diligence in moving to amend the witness list. (*Id.* at PageID.2471). Plaintiff asserts Defendants will not be prejudiced because when he mailed the motion, time remained in discovery and "Plaintiff anticipates discovery being extended." (*Id.* at PageID.2472). Plaintiff is cautioned that as he learned of the mistake in July he was not prompt in seeking to amend his witness list, and the Court looks upon delay unfavorably. That said, Defendants do not oppose this motion, therefore, the Court concludes good cause to allow amendment exists. Therefore, Plaintiff's motion for leave to file an amended witness list is **GRANTED**. (ECF No. 142).

    *c. Washtenaw Defendants' Motion for Protective Order*

8

Washtenaw Defendants seek a protective order in response to Plaintiff's discovery requests.  (ECF No. 136, PageID.2297).  Defendants Holmes, Parker, and Iseley give concurrence for the motion.  (*Id.* at PageID.2285).  The Washtenaw Defendants indicate "Plaintiff is seeking policies and procedures that identify how officers are supposed to react in particular situations. Plaintiff is also seeking information about how officers communicate with each other, how matters are handled within the jail, the responsibilities of various personnel, how often those personnel sign-in to the blocks, among other information." (*Id.* at PageID.2296-97).  They argue this information into the inner workings of the jail would allow "unscrupulous persons to plan incidents at the jail and harm Washtenaw County officers and detainees." (*Id.* at PageID.2297).

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters.  Fed. R. Civ. P. 26(c).  The party seeking a protective order has the burden of showing that good cause exists for the order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements." *Id.* (citations and internal quotation marks omitted).  "Courts have

9

great latitude in deciding whether to issue protective orders, and security is one of the factors to be considered." *Schuh v. Clayton*, No. 20-10468, 2021 WL 3489695, at *9 (E.D. Mich. Aug. 9, 2021) (citing *Hines v. Wilkinson*, 163 F.R.D. 262, 267 (S.D. Ohio 1995)). Indeed, "federal courts have often found good cause to limit discovery when such discovery implicate[s] the safety and security of prisons and jails." *Id.* (quoting *Johnson v. CoreCivic, Inc.*, 2019 WL 2158239 (W.D. Tenn. Apr. 3, 2019) (internal quotations omitted)).

Plaintiff seeks policies and procedures, private personnel filed information, and contact information for various third parties. The Washtenaw Defendants propose to provide Plaintiff access to the information sought, but to limit the confidential information only to prepare for and conduct this action (including any appeals). (*Id.* at PageID.2303). Defendants proposed protective order requires "[w]ithin sixty days after termination of this case by final judicial decision or otherwise, any party that has obtained confidential information from another party shall either destroy that information or return it to the party from whom it was obtained." (*Id.* at PageID.2306); *Shall*, Black's Law Dictionary (11th ed. 2019) ("Has a *duty* to . . . . [t]his is the *mandatory* sense that drafters typically intend and that courts typically uphold.") (emphasis added).

The Court finds that the Washtenaw Defendants have shown good cause for a protective order, so their motion is **GRANTED**. (ECF No. 136). The

10

Washtenaw Defendants are **DIRECTED** to submit the proposed protective order, attached as Exhibit A to the motion (ECF No. 136-2), to the Court via the Utilities function in CM/ECF.

        d. *Plaintiff's Motion for the Court to Determine the Sufficiency of an Answer*

On February 7, 2022, Plaintiff moved the Court to determine the sufficiency of the answer submitted by Defendants Casey and Alverez pursuant to Fed. R. Civ. P. 36(a)(6). (ECF No. 150).

Fed. R. Civ. P. 36 provides the following with respect to a party's responsibilities in responding to requests for admission:

> If a matter is not admitted, the answer must specifically deny it *or* state in detail why the answering party cannot truthfully admit or deny it. *A denial must fairly respond to the substance of the matter*; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

(emphasis added). This Rule indicates that a party may either "specifically deny" the request for admission *or* "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). In his motion to determine the sufficiency of response to requests for admission, Plaintiff indicates he is dissatisfied with Defendants' responses to a number of Plaintiff's requests for admission. (ECF No. 150, PageID.2556). Plaintiff states that for these requests for admission, Defendants answered simply "denied" and did not provide more

11

information. (*Id.*). Indeed, Defendants did answer some questions simply with "[d]enied." (*See e.g.*, ECF No. 150, PageID.2613). A defendant need not expand beyond a simple denial to specifically deny a request for admission. *Jones v. Univ. of Memphis*, No. 215CV02148JPMCGC, 2016 WL 6123510, at *1 (W.D. Tenn. Sept. 23, 2016), *report and recommendation adopted*, No. 15-CV-02148-JPM-CGC, 2016 WL 6109407 (W.D. Tenn. Oct. 19, 2016) ("The response to Request No. 16 clearly meets this requirement as it states that "Defendant denies the allegations as stated in Request No. 16." As such, the response to Request No. 16 constitutes a specific denial."); *Noffsinger v. United States*, No. 5:09-CV-38, 2011 WL 635877, at *3 (W.D. Ky. Feb. 11, 2011) ("After noting its objections, Defendant answered the third request for admission with "Denied." . . . . The Court finds that this is a sufficient response which satisfies Rule 36(a)(4)."). Plaintiff's motion is **DENIED**. (ECF No. 150).

    e. *Plaintiff's Motions to Extend*

Plaintiff currently has eight motions to extend various deadlines pending before the Court. (ECF Nos. 153; 154; 155; 161; 163; 164; 167; 168). Plaintiff filed two separate motions seeking an extension to reply to the Washtenaw Defendants' response to his motion to compel (ECF Nos. 153; 161) and he has, likewise, filed two motions seeking more time to reply to the Wellpath/Corizon[4]

---

[4] As noted above, Wellpath and Corizon are separate entities.

Defendants' response to Plaintiff's motion to compel (ECF Nos. 155; 164). Plaintiff also seeks more time to respond to Washtenaw Defendants' motion for a protective order and to extend discovery and the dispositive motions deadline. (ECF Nos. 163; 154). Plaintiff seeks more time to file a motion to compel discovery and to reply to Washtenaw County Defendants' response to Plaintiff's motion to determine the sufficiency of their answer. (ECF Nos. 167; 168).

Plaintiff has already sought several extensions in this case. (ECF Nos. 30; 34; 56; 57; 64; 67; 90; 95; 98; 107; 119; 122). Discovery in this case has spanned around ten months from April 13, 2022, to February 6, 2023. The Court has been more than lenient and has granted Plaintiff many extensions. A "district court has broad discretion to manage its docket." *Am. C.L. Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999)).

The Court will consider Plaintiff's instant motions to be filed within the time to respond because of the leniency applied to *pro se* litigants. As a result, Fed. R. Civ. P. 6(b)(1)'s good cause standard applies. The Court concludes that Plaintiff has not shown good cause for extending multiple deadlines. While Plaintiff alleges he is dealing with multiple motions and deadlines, the challenges a *pro se* litigant faces in responding to motions does not warrant an endless string of extensions. The Court is sympathetic to the challenges presented by Plaintiff's recent transfer

to another facility and the limited hours of the law library, but continuing to extend deadlines frustrates this Court's ability to promptly adjudicate this case. Plaintiff's motions to extend time to respond are **DENIED**. (ECF Nos. 153; 155; 161; 163; 164; 167; 168; 169).

As to Plaintiff's motion to extend discovery and dispositive motions deadlines, this motion is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 154). As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent. Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). A court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order. Fed. R. Civ. P. 16(f). The Court concludes there is not good cause to continue to extend discovery because significant time has been devoted to it. Therefore, Plaintiff's motion is **DENIED IN PART** as to extending the discovery deadline. (ECF No. 154). As to the dispositive motion deadline, the Court concludes good cause exists to extend the dispositive motion deadline because in this Order the Court has also ordered Defendants Holmes and Parker to file additional briefing and the Court is holding Plaintiff's motion to compel in abeyance. Therefore, Plaintiff's motion is

14

**GRANTED IN PART** as to the dispositive motion deadline. (*Id.*). The dispositive motion deadline is set for **May 5, 2023**.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 7, 2023.　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 7, 2023.

                                                    s/Kristen MacKay
                                                    Case Manager
                                                    (810) 341-7850