UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER,<br>　　　　　　　　Plaintiff,<br>v.<br>KATHLEEN HOLMES, *et al.*,<br>　　　　　　　　Defendants.<br>_____/ | Case No. 20-10534<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER ON MOTIONS (ECF Nos. 133; 171)**

Before the Court is Plaintiff's motion to compel and a motion for extension of time. (ECF Nos. 133; 171). This case has been referred to the undersigned for all pretrial matters. (ECF No. 10).

**I.　DISCUSSION**

　　*a. Motion to Compel*

Plaintiff filed a motion to compel on January 11, 2023, against Defendants Parker and Holmes. (ECF No. 133). On March 7, 2023, this Court issued an Order which, among other things, held this motion to compel in abeyance for 21 days to allow briefing on whether the bankruptcy stay for Defendant Corizon Health, Inc. should extend to employees of Corizon, such as Defendants Parker and Holmes. (ECF No. 170). In this Order, the Court noted "[i]f the Corizon employee Defendants do not submit briefing seeking the case be stayed as to them within **21 days** of this Order, the Defendants who are Corizon employees shall not

1

be the subject of the stay and case must move forward against them." (ECF No. 170, PageID.2974) (emphasis original). Defendants Parker and Holmes have not submitted any additional briefing indicating this case should be stayed and 21 days have passed,[1] therefore the Court shall address the motion to compel pending against these Corizon employees.

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking

---

[1] The Court noted should the Corizon employees "pursue this matter before the Bankruptcy Court, the Defendants *shall* file written notice with the Court." (ECF No. 170, PageID.2974) (emphasis added). Defendants have not filed a notice before this Court.

discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

Plaintiff's second motion to compel was filed on January 11, 2023, against two of the Corizon[2] employee Defendants—Defendants Parker and Holmes. (ECF No. 133). Plaintiff moves to compel as to these Defendants pursuant to Federal Rules of Civil Procedure 33(b), 34(b), 36(a), and 37(a). Plaintiff says that he served Defendants Parker and Holmes his interrogatories, request for production of documents, and requests for admission on October 13, 2022. (ECF No. 133, PageID.2198). These Defendants objected to the discovery requests because "the Court has not otherwise reopened discovery." (*Id.* at PageID.2199) (quoting ECF No. 104, PageID.1788). Plaintiff again argues that his requests were timely as discovery was extended to February 6, 2023. (*Id.* at PageID.2210).

In response, Defendants Parker and Holmes point to the Federal Rules of Civil Procedure which provide parties with thirty days to respond to interrogatories, requests to produce, and requests for admissions. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R Civ. P. 36(a)(3). Defendants argue that for Plaintiff's discovery requests to be proper, he would have had to serve them on or before September 13, 2022. (ECF No. 145, PageID.2495). Defendants

---

[2] The motion to compel is as to "Wellpath/Corizon Defendant's Daryl Parker and Kathleen Holmes[.]" (ECF No. 133, PageID.2197). According to Defendants "Wellpath Defendants are not Corizon employees and were not Corizon employees during the timeframe relevant to the Amended Complaint. Wellpath, L.L.C. is a completely different entity than Corizon Health, Inc., and the two entities do not share common ownership." (*Id.* at PageID.2493). Wellpath, L.L.C., is not a Defendant.

contend that Plaintiff's argument that following the extension of the discovery deadline, that his discovery requests retroactively became timely has no merit. (*Id.* at PageID.2496). Defendants argue that Plaintiff's requests were untimely when served and because the Court did not stay discovery until after the discovery deadline passed, that the stay "presumably" did not apply to "the already-expired discovery deadline as is stated in Wellpath Defendants' Objection to Mr. Hunter's discovery." (*Id.*). They seem to argue the same regarding the Court's extension of discovery. Counsel cites nothing to support this proposition and the Court does not find this argument persuasive. Indeed, Defendants Holmes and Parker granted concurrence in the Washtenaw Defendants' motion to extend discovery and the dispositive motions deadline. (ECF No. 92, PageID.1645). Even though Plaintiff's discovery requests were not timely when served, the Court has since extended discovery with Defendants Holmes and Parker's consent and "[t]he burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (internal citations omitted). As to timeliness, the Defendants have not persuaded the Court this objection has merit considering the extension of discovery.

Plaintiff and Defendants' next arguments have limited value in addressing the gravamen of this motion, whether Defendants must answer, so the Court will only briefly address them. Plaintiff alleges Defendants have violated the civility principles of the Court and Defendants respond they have not. (ECF No. 133, PageID.2211; ECF No. 145, PageID.2497). Plaintiff agues Defendants objection is "boilerplate" and Defendants argue it is not. (*Id.*).

Next, Plaintiff argues these Defendants' objections were untimely because he received the objections on November 16, 2022. (ECF No. 133, PageID.2212). Defendants Holmes and Parker argue they responded within the 30 days after being served the discovery requests. (ECF No. 145, PageID.2499). Plaintiff argues the discovery sought is relevant. (ECF No. 133, PageID.2213-15). In response, Defendants again argue untimeliness. (ECF No. 145, PageID.2499).

The Court notes Defendants appear to have filed their objection on the docket rather than responding to Plaintiff, so the undersigned struck this filing as improper. (ECF No. 104). Neither party produced a document by these Defendants which addresses each discovery request from the October 13, 2022, discovery requests individually. Thus, the Court assumes Defendants did not serve a particularized answer addressing each individual discovery request.[3]

---

[3] The Court notes these Defendants appear to have particularly responded to an earlier set of discovery requests. (ECF No. 76, PageID.1279). Defendants do not argue that the information sought in the instant set of discovery requests is duplicative of the earlier set or that

5

"The burden . . . rests with the party objecting to the motion to compel to show in what respects the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017). Defendants Holmes and Parker have not met their burden to show these requests are improper because the Court has since extended discovery. Upon review of what appears to be Defendants' sole response to these discovery requests, Defendants' response is deficient. (ECF No. 145-2, PageID.2521).

This motion to compel (ECF No. 133) is **GRANTED.** These Defendants must fully answer within **14 days** of this Order.

b. *Motion to Extend Time*

On March 10, 2023, Plaintiff filed a motion to extend time for him to reply to Defendants Parker and Holmes' response to his motion to extend the dispositive motion deadline and for leave to depose the Defendants. (ECF No. 171). The Court has already ruled on Plaintiff's motion. (ECF No. 170). So the motion to extend time to respond is **DENIED AS MOOT**. (ECF No. 171).

**IT IS SO ORDERED**.

---

they have already responded to Plaintiff. The Court does not raise arguments for the parties and as such will not address whether Defendants have adequately complied with Plaintiff's discovery efforts through their previous response.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 29, 2023.　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 29, 2023.

　　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　　(810) 341-7850