UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER, | Case No. 20-10534 |
| Plaintiff, | |
| v. | Nancy G. Edmunds |
| | United States District Judge |
| KATHLEEN HOLMES, *et al.*, | |
| Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

### SUA SPONTE ORDER STAYING THE CASE AS TO CORIZON EMPLOYEES FOR 45 DAYS

This matter is currently before the Court regarding the Defendants who are Corizon employees and the impact of the suggestion of bankruptcy by their employer Corizon Health, Inc. (ECF Nos. 159; 172). This case has been referred to the undersigned for all pretrial matters. (ECF No. 10).

**I.     DISCUSSION**

The Court shall sua sponte address whether a stay is appropriate regarding the Corizon employees because, to date, these Defendants have not sought a stay from this Court.

On February 17, 2023, Defendant Corizon Health, Inc., filed a Suggestion of Bankruptcy and Notice of Automatic Stay because of bankruptcy on the docket. (ECF No. 159). The Court stayed the case only as to Corizon. (ECF No. 172). On March 7, 2023, the Court held in abeyance a motion to compel against the

1

Defendants employed by Corizon and stated "[s]hould the Defendants who are employees of Corizon wish to argue the case be stayed as to them, the Court will require briefing on this issue. If the Corizon employee Defendants do not submit briefing seeking the case be stayed as to them within **21 days** of this Order, the Court will move forward on the motion to compel against the Defendants who are Corizon employees."  (ECF No. 170) (emphasis original).

The Corizon employee Defendants did not brief whether a stay was appropriate as to them or in any way respond to this Court's March 7, 2023, Order. As the Corizon employee Defendants failed to argue the case should be stayed as to them, the Court addressed the motion to compel on March 29, 2023.  (ECF No. 176).  The Court granted the motion to compel and ordered the Corizon employee Defendants to fully answer within 14 days.  (*Id.*).  The Corizon employee Defendants have not sought a stay to date.  That said, the Court shall sua sponte address whether a stay is appropriate as to these Defendants.

This Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Even so, "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue

delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio*, E. Div., 565 F.2d 393, 396 (6th Cir. 1977).

In light of Corizon's bankruptcy filing, the Court concludes good cause exists for a stay of proceedings regarding the Defendants employed by Corizon. The Court shall **STAY** this matter for **45 days** against Defendants Parker and Holmes, the Corizon employees.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 10, 2023.   s/Curtis Ivy, Jr.
　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 10, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850
