UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERON HUNTER,

    Plaintiff,

v.

KATHLEEN HOLMES, *et al.*,

    Defendants.

_____/

Case No. 20-10534

Honorable Nancy G. Edmunds

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [175]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Theron Hunter, who is currently a state prisoner at the Central Michigan Correctional Facility in St. Louis, Michigan. The case has been referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 10.) Before the Court are Plaintiff's objections to an order issued by Magistrate Judge Ivy.[1] (ECF No. 175.) That order addressed thirteen motions, including nine motions for extension of time, filed by Plaintiff and one motion filed by Defendants. (ECF No. 170.) Plaintiff has filed six objections.

Plaintiff first objects to the Magistrate Judge's denial of his motion to compel the Washtenaw County Sherriff Defendants' production of certain discovery (ECF No. 132)

---

[1] Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." Given the referral to the Magistrate Judge for all pre-trial matters in this case, "[s]cheduling, discovery, and other case management issues fall within the broad discretion of the magistrate judge. . . . To the extent a party is challenging the magistrate judge's exercise of discretion in these areas, the magistrate judge's decision is reviewed for abuse of discretion." *See Garvins v. Hofbauer*, No. 2:09-CV-48, 2012 U.S. Dist. LEXIS 59555, at *3 (W.D. Mich. April 30, 2012).

1

as moot. The Magistrate Judge based his finding on the defendants' assertion that they had begun to supplemental their responses after the Court denied their motion for a protective order, reasoning that when a party supplements its responses after an alleged failure to substantively respond, the motion to compel is moot. The Magistrate Judge noted that Plaintiff had not filed a reply brief confirming or denying that he received the supplemental responses but assumed that he had. Plaintiff now notes that his motion to enlarge the time to file a reply had been denied. Plaintiff does not, however, deny that he received the responses but only states that they were evasive. Thus, Plaintiff has not presented any argument that would alter the Magistrate Judge's finding that Plaintiff's motion to compel is moot. Plaintiff's first objection is overruled.

Plaintiff next objects to the Magistrate Judge holding his motion to compel against two Defendants who are Wellpath/Corizon employees (ECF No. 133) in abeyance. The Magistrate Judge did so because Defendant Corizon Health, Inc. had filed a suggestion of bankruptcy and notice of automatic stay and he wanted to give these defendants an opportunity to brief the issue of whether the case should be stayed against them as well. They did not brief the issue and the Magistrate Judge later granted Plaintiff's motion to compel. (*See* ECF No. 176.) Thus, Plaintiff's second objection is overruled as moot.[2]

Plaintiff's third objection relates to the Magistrate Judge's granting of the Washtenaw Defendants' motion for a protective order (ECF No. 136) without giving him the additional time to respond that he had requested. The Magistrate Judge did not rely, however, on Plaintiff's failure to respond in granting the motion. Instead, he considered

---

[2] More recently, the Magistrate Judge sua sponte considered whether the case should be stayed against the Corizon employees and decided to do so for 45 days. (ECF No. 177.) The Court does not address that decision here.

2

whether the defendants had met their burden of showing that good cause exists for the order and found that they had. Thus, Plaintiff's third objection is overruled.

Plaintiff's fourth objection relates to the denial of his motion to determine the sufficiency of the answers to his requests for admission (ECF No. 150). Plaintiff simply expresses his disagreement with the Magistrate Judge's conclusion that a simple denial is a sufficient response under Federal Rule of Civil Procedure 36. (*See* ECF No. 170, PageID.2980 (citing cases).) Finding no error in the Magistrate Judge's reasoning, Plaintiff's fourth objection is overruled.

Plaintiff's fifth and sixth objections relate to the denial of his motions to extend various deadlines, including the time to file a reply in support of several of his motions and the discovery deadline. The Court notes that the Magistrate Judge previously granted numerous motions to extend filed by Plaintiff, giving him more than sufficient time to litigate his case, and the Court agrees with the finding that "continuing to extend deadlines frustrates this Court's ability to promptly adjudicate this case." (*See* ECF No. 170, PageID.2982.) This case had been pending on the Court's docket for close to three years prior to Defendants' motion for summary judgment being filed. That motion is still pending and the Magistrate Judge has granted Plaintiff a significant extension of time to respond. Plaintiff's fifth and sixth objections are overruled.

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Magistrate Judge's order is AFFIRMED.

SO ORDERED.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: April 18, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2023, by electronic and/or ordinary mail.

                                                <u>s/Lisa Bartlett</u>
                                                Case Manager