UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER, | Case No. 20-10534 |
|         Plaintiff, | |
| v. | Nancy G. Edmunds |
| | United States District Judge |
| KATHLEEN HOLMES, *et al.*, | |
|         Defendants. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

### ORDER CLARIFYING THE COURT'S JUNE 29, 2023, ORDER; DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF Nos. 203; 206)

This matter is before the Court for clarification regarding the Court's June 29, 2023, Order and Plaintiff's motion to appoint counsel. (ECF Nos. 203; 206).

   a. *Clarification of the June 29, 2023, Order (ECF No. 203).*

On June 29, 2023, the Court issued an order granting Plaintiff's motion for extension of time related to responding to the motion for summary judgment filed by the Wellpath Defendants.[1] (ECF No. 203). In granting the motion as to the Wellpath Defendants, the Court incorrectly stated that the Wellpath Defendants' motion for summary judgment is located at ECF No. 156. The Court has granted Plaintiff until **August 10, 2023,** to respond to the Wellpath Defendants' motion for summary judgment which is located at ECF No. 183. Plaintiff must respond to the

---

[1] Defendants Parker, Holmes, Isely, and Gorka are collectively the Wellpath Defendants.

1

Wellpath Defendants' motion for summary judgment (ECF No. 183) by **August 10, 2023**, per the Court's June 29, 2023, Order. (ECF Nos. 183; 203).

    b. *Plaintiff's Motion to Appoint Counsel (ECF No. 206).*

On July 12, 2023, Plaintiff filed a motion to appoint counsel. (ECF No. 206).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff's claims are against multiple defendants, but do not appear overly complex.  Moreover, his briefs and other filings with the court show that he has an adequate understanding of the issues and matters involved here, and has an adequate understanding of litigation.  The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").  Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.  The Court notes, Plaintiff has yet to have a dispositive motion be decided in his favor on the merits of his claims.  Plaintiff has made two other motions to appoint counsel and the circumstances have not changed since these motions were denied without prejudice.  (ECF Nos. 3; 52).

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 206) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 17, 2023.                         s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 17, 2023.

                                             s/Kristen MacKay
                                             Case Manager
                                             (810) 341-7850