UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERON HUNTER, | Case No. 20-10534 |
|        Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| KATHLEEN HOLMES, *et al.*, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
|        Defendants. | |
| _____/ | |

**ORDER SETTING DEADLINE FOR PLAINTIFF TO FILE ADDITIONAL EXHIBITS IN SUPPORT OF HIS RESPONSE TO THE WASHTENAW DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING WASHTENAW DEFENDANTS' MOTION TO SEAL. (ECF No. 193).**

This matter is presently before the Court regarding Plaintiff's motion for an extension of time to file additional exhibits in support of his response to the Washtenaw Defendants' motion for summary judgment and the Washtenaw Defendants' motion to seal said exhibits. (ECF No. 193).

Plaintiff's motion for an extension of time was filed on May 11, 2023, and asks for an extension of time to file an exhibit as a part of his response to the Washtenaw Defendants' motion for summary judgement. (ECF No. 188). The Court granted Plaintiff's motion on June 29, 2023. (ECF No. 203). In this order, the Court noted that Plaintiff had already filed the additional exhibit so there was no need to set a date by which Plaintiff must file the additional exhibits. On July 25, 2023, Plaintiff objected and noted that the exhibits he filed with his motion

1

were not the additional exhibits in support of his response to the Washtenaw Defendants' motion, but were exhibits supporting his motion to file additional exhibits.  (ECF No. 209).

Plaintiff is **ORDERED** to file the additional exhibits in support of his response to the Washtenaw Defendants' motion for summary judgment by **August 10, 2023**.  As discussed next in this order, once Plaintiff files the exhibits that are marked as confidential, the Court shall place them under seal.

On May 17, 2023, the Washtenaw Defendants filed a motion to seal.  (ECF No. 193).  Under the Court's March 13, 2023, protective order, certain material during discovery (such as sensitive information regarding policies, medical information, personnel records, etc.) could be marked as confidential and if a party wished to file materials marked as confidential that party must provide notice of their intent to do so.  (ECF No. 173).  The Washtenaw Defendants indicate that of the information that they turned over during discovery only 58[1] pages were marked confidential.  (ECF No. 193, PageID.3542).  The confidential pages are purportedly personnel records related to the specific trainings completed by the Washtenaw Defendants, Washtenaw County Jail policies related to inmate rule violations and medical treatment, medical treatment received by inmates other than

---

[1] At another point the Washtenaw Defendants indicate 59 pages are confidential.  (ECF No. 193, PageID.3545).  In any event, it appears the subset of documents marked confidential is a relatively small number.

Plaintiff, and minutes of a confidential facility-wide risk assessment meeting. (*Id.* at PageID.3542-43). The Washtenaw Defendants argue that the documents should be entered under seal because the documents are not accessible to the public and relate to law enforcement practices and procedures, contain personnel records, as well as medical information. (*Id.*). It is not clear exactly which of the documents marked confidential Plaintiff seeks to file in opposition to the Washtenaw Defendants' motion for summary judgment.

     Local Rule 5.3 provides procedures for filing civil material under seal. Rule 5.3(b) governs here because no rule or statute is cited as authorizing sealing the documents. Rule 5.3(b) requires, among other things, that an unredacted version of the subject document be filed under seal for evaluation by the Court. The Washtenaw Defendants filed an unredacted version of the documents in accordance with Local Rule 5.3. (ECF No. 194). Plaintiff argues that Defendants have failed to comply with Local Rule 5.3 (b)(3)(A)(iv) which requires "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority[.]" Plaintiff does not specify how the Defendants have failed to comply with this local rule and the undersigned notes that the Washtenaw Defendants have provided arguments supported by legal citations which is sufficient to satisfy Local Rule 5.3 (b)(3)(A)(iv).

3

In this Circuit, Courts are not permitted to take motions to seal lightly. The Sixth Circuit has long recognized a "strong presumption in favor of openness" in court records. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The "heavy" burden of overcoming that presumption rests with the party seeking to seal the records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The moving party must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Id.* at 307. This burden must be met even if no party objects to the seal, and it requires a "document-by-document, line-by-line" demonstration that the information in the document meets the "demanding" requirements for the seal. *Id.* at 308. In delineating the injury to be prevented, "specificity is essential." *Id.* Typically, "only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)" are enough to overcome the presumption of access. *Id.* Should the Court order a document to be sealed, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary. *Id.* at 306.

The Defendants argue the Court should order the documents be sealed under the law enforcement privilege because the interest in maintaining safe, efficient, and effective law enforcement procedures is sufficient to justify sealing the documents.

Courts in the Sixth Circuit recognize a law enforcement privilege, which is "a qualified privilege designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *6 (E.D. Mich. May 10, 2011) (quoting *Tuite v. Henry*, 181 F.R.D. 175, 176 (D.D.C. July 31, 1998)). Courts consider the following factors in determining whether documents are subject to the law enforcement privilege:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is nonfrivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Id.* Here, these factors generally support that the documents are covered by the law

enforcement privilege.  The documents are not accessible to the public and relate to law enforcement practices and procedures, contain personnel records, as well as medical information of other prisoners and risk assessment notes.  Disclosing these documents publicly would likely thwart governmental ability to smoothly and safely administer prisons, which weights in favor the law enforcement privilege applying to the documents sought.  The other factors do not weigh strongly in either direction.  While Plaintiff asserts the documents are critical to his case, the undersigned notes that prison procedures, medical records of other inmates, and training records appear to have little probative value as to whether Plaintiff's constitutional rights were violated by the quality of medical care he personally received as alleged in his complaint.  Moreover, the Washtenaw Defendants have turned over the unredacted documents to Plaintiff in the course of discovery and now move to keep these documents under seal on the Court's docket to the extent Plaintiff wishes to file them.

    Washtenaw Defendants will suffer a clearly defined and serious injury if these records are not sealed due to the confidential nature of law enforcement procures.  The Court will **GRANT** (ECF No. 193) the seal here because the interests supporting nondisclosure are compelling and the public interest in viewing these documents is minimal in comparison to the clearly defined and serious injury presented by disclosing the documents without seal.  Once Plaintiff

files the exhibits that are marked confidential, the Court shall place them under seal.

As the motion to seal at ECF No. 193 is the Washtenaw Defendants' *corrected* motion to seal, the Court shall **STRIKE** the previously filed motion to seal. (ECF No. 192).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 1, 2023.	s/Curtis Ivy, Jr.
	Curtis Ivy, Jr.
	United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 1, 2023.

                                              s/Kristen MacKay
                                              Case Manager
                                              (810) 341-7850