UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERON HUNTER,

    Plaintiff,                                        Case No. 20-10534

v.                                                    Honorable Nancy G. Edmunds

KATHLEEN HOLMES, *et al.*,

    Defendants.

_____/

**AMENDED OPINION AND ORDER ACCEPTING AND ADOPTING THE
MAGISTRATE JUDGE'S AUGUST 17, 2023 REPORT AND
RECOMMENDATION [213] AND DENYING PLAINTIFF'S MOTION
FOR THE COURT TO TAKE JUDICIAL NOTICE [219]**

In this pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983, Plaintiff Theron Hunter alleges that the defendants were deliberately indifferent to an elbow injury he experienced while incarcerated at the Washtenaw County Jail. The case has been referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 10.) Before the Court is the Magistrate Judge's August 17, 2023 report and recommendation to grant the Washtenaw Defendants' motion for summary judgment and dismiss the failure-to-protect claim against the Washtenaw Defendants pursuant to initial screening of Plaintiff's amended complaint.[1] (ECF No. 213.) On September 12, 2023, twenty-one objections

---

[1] The Magistrate Judge recommends dismissing Plaintiff's federal claims against the Washtenaw Defendants with prejudice and declining to exercise supplemental jurisdiction over the state law claims, dismissing those claims without prejudice.

1

submitted by Plaintiff were docketed. (ECF No. 218.) Even though the objections initially appeared to be untimely,[2] the Court has reviewed them and addresses them briefly.[3]

Throughout Plaintiff's objections and in a motion filed contemporaneously with the objections (ECF No. 219), Plaintiff asks the Court to take judicial notice of certain exhibits he filed in opposition to the Washtenaw Defendants' motion for summary judgment and another motion for summary judgment pending in this case. But a court may only take judicial notice of facts that are "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b). Thus, the facts contained in Plaintiff's exhibits may not be judicially noticed.

Plaintiff appears to make the request for judicial notice as a result of what he perceives as the Magistrate Judge improperly disregarding some of his exhibits. But the only documents the Magistrate Judge did not consider are the additional exhibits submitted by Plaintiff three months after the filing of his initial response and exhibits.[4] (*See* ECF No. 213, PageID.4123-24.) The Magistrate Judge stated he did so because

---

[2] Service of the Magistrate Judge's report took place on the day it was issued—August 17, 2023. Counting fourteen days from the date of service, adding three days under Federal Rule of Civil Procedure 6(d) due to service by mail, and taking into account that the final day was Sunday and the next day was Labor Day, Plaintiff had until September 5, 2023 to file his objections. Plaintiff's objections were postmarked on September 6, 2023 but he states in his certificate of service that he delivered the objections to prison officials on September 5, 2023. (ECF No. 218, PageID.4237.) Thus, under the prisoner mailbox rule, they may have been timely.

[3] This opinion and order has been amended to reflect that Plaintiff's objections may have been timely.

[4] The Magistrate Judge had given Plaintiff until August 10, 2023 to file any additional exhibits in support of his response to the Washtenaw Defendants' motion for summary judgment, (ECF No. 210), but the exhibits were not docketed until August 15, 2023, (*see* ECF No. 211). It is unclear when they were delivered to prison officials for mailing. Plaintiff also filed more exhibits after the issuance of the Magistrate Judge's report and recommendation—on August 31, 2023. (*See* ECF Nos. 214, 217.) Those exhibits are untimely.

many of the exhibits relate to the Wellpath Defendants,[5] not the Washtenaw Defendants, and they are over 300 pages with no accompanying explanation as to how they are relevant. (*Id.*) In light of this reasoning, the Court does not find the Magistrate Judge's treatment of the delayed exhibits erroneous.

More generally, Plaintiff takes issue with the Magistrate Judge's finding that he has not shown deliberate indifference on the part of the Washtenaw Defendants. But the Court agrees that even if the evidence is taken in the light most favorable to Plaintiff, it does not rise to the level of a constitutional violation. As the Magistrate Judge noted, "[o]nly grossly or woefully inadequate care" constitutes deliberate indifference. *See Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021). Plaintiff has not submitted medical evidence that would establish his claim on this basis. *See id.* And while Plaintiff notes that Nurse Holmes, another defendant in this case, acknowledged a delay in his physical therapy, this is not the type of case where there was a complete "failure to provide medical services," *see Burwell v. City of Lansing*, 7 F.4th 456, 464 (6th Cir. 2021), or "such cursory treatment that it effectively amounts to no care," *Phillips*, 14 F.4th at 538 (internal quotation marks and citation omitted), which would have eliminated the need for medical evidence or expert testimony. Plaintiff emphasizes that he has included a copy of the protocols and procedures that should have been implemented by prison officials, but the "failure to follow internal policies, without more, does not equal deliberate indifference." *See Hyman v. Lewis*, 27 F.4th 1233, 1238 (6th Cir. 2022) (internal quotation marks and citation omitted).

---

[5] The Wellpath Defendants' motion for summary judgment remains pending. (*See* ECF No. 183.)

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 213). Accordingly, the Washtenaw Defendants' motion for summary judgment (ECF No. 156) is GRANTED, Plaintiff's federal claims against the Washtenaw Defendants are dismissed with prejudice, and his state law claims against them are dismissed without prejudice. Moreover, Plaintiff's motion for the Court to take judicial notice of his exhibits (ECF No. 219) is DENIED. The Clerk of Court is instructed to terminate Defendants Williams, Casey, Schiappacasse, Clayton, and Alvarez from this action.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 22, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 22, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager