UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERON HUNTER,

    Plaintiff,

v.

KATHLEEN HOLMES, *et al.*,

    Defendants.
_____/

Case No. 20-10534

Honorable Nancy G. Edmunds

## ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 12, 2023 REPORT AND RECOMMENDATION [227]

In this pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983, Plaintiff Theron Hunter alleges that the defendants were deliberately indifferent to an elbow injury he experienced while incarcerated at the Washtenaw County Jail. The case has been referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 10.) Before the Court is the Magistrate Judge's October 12, 2023 report and recommendation to grant the Wellpath Defendants'[1] motion for summary judgment and dismiss all claims against the remaining defendants in this case.[2] (ECF No. 227.) Plaintiff has filed objections. (ECF No. 230.) For the reasons below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

**I.**    **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

---

[1] The Wellpath Defendants are Defendants Parker, Holmes, Isley, and Gorka.
[2] The Magistrate Judge recommends dismissing Plaintiff's federal claims against the Wellpath Defendants with prejudice and declining to exercise supplemental jurisdiction over the state law claims, dismissing those claims without prejudice.

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

## II.   Analysis

The Court first notes that it appears that Plaintiff's objections are untimely.[3] While the Court is under no obligation to address untimely objections, it will briefly address Plaintiff's objections here.

Plaintiff has filed twelve objections. Most of the objections were made in a conclusory fashion and are simply disagreements with the Magistrate Judge's statements and findings and thus do not constitute proper objections. Nonetheless, the Court has reviewed the objections along with the report and recommendation and agrees that Plaintiff has not shown deliberate indifference on the part of the Wellpath Defendants. Plaintiff argues that medical evidence is not needed to prove deliberate indifference when the claim is based on a delay in care, rather than the adequacy of care. But Plaintiff does not dispute that his arm was evaluated and that he received an x-ray; instead, his allegations regarding a delay relate to the physical therapy sessions that were later recommended. Thus, this is not the type of case where there was a complete "failure to

---

[3] Service of the Magistrate Judge's report took place on the day it was issued---October 12, 2023. Counting fourteen days from the date of service, adding three days under Federal Rule of Civil Procedure 6(d) due to service by mail, and taking into account that the final day was Sunday, Plaintiff's objections were due on October 30, 2023. Plaintiff states in his certificate of service that he delivered the objections to prison officials on October 31, 2023. (ECF No. 230, PageID.4399.) Thus, even under the prisoner mailbox rule, they are one day late.

provide medical services," which would have eliminated the need for medical evidence or expert testimony. *See Burwell v. City of Lansing*, 7 F.4th 456, 463-64 (6th Cir. 2021). The Court therefore overrules Plaintiff's objections and accepts and adopts the report and recommendation.

### III. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 227). Accordingly, the Wellpath Defendants' motion for summary judgment (ECF No. 183) is GRANTED, Plaintiff's federal claims against the Wellpath Defendants are dismissed with prejudice, and his state law claims against them are dismissed without prejudice. Moreover, any claims against Corizon and John and Dana Doe are dismissed. Because no claims remain, the Court will enter a separate judgment closing the case.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 16, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 16, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager